## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBRA VEHLEWALD,<br>On behalf of herself and all others<br>similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>CLAIM ASSISTANCE GROUP, LLC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No:  13-cv-2395 JAR/JPO<br>)<br>) |

## COMPLAINT

NOW COMES the plaintiff, DEBRA VEHLEWALD, On behalf of herself and all others similarly situated, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, CLAIM ASSISTANCE GROUP, LLC., plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the TCPA pursuant to pursuant to 28 U.S.C. §1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      DEBRA VEHLEWALD, (hereinafter, "Plaintiff") is an individual who resides in the City of Leavenworth, County of Leavenworth, State of Kansas.

5.      CLAIM ASSISTANCE GROUP, LLC., (hereinafter, "Defendant") is a business entity that operates in the State of Kansas.  Defendant is registered as a limited liability company in the State of Florida.

6.      At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.    GENERAL ALLEGATIONS

### COUNT I:
### DEBRA VEHLEWALD, INDIVIDUALLY V. CLAIM ASSISTANCE GROUP, LLC.

7.      In or around June 2013, and July 2013, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff.

8.      During the course of the aforesaid time period, the telephone calls initiated by Defendant were placed to Plaintiff's cellular telephone number.

9.      At the time Defendant initiated the aforesaid telephone calls to Plaintiff, Defendant knew or reasonably should have known that the telephone number to which it was calling was Plaintiff's telephone number.

10.      During the course of the aforesaid time period, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff in an attempt to offer certain legal services to Plaintiff.

11.      During each of the aforesaid telephone calls, Defendant played an artificial or prerecorded voice message.

12.      Plaintiff does not currently have any accounts with Defendant.

13.      Plaintiff has never provided Defendant with consent to initiate telephone calls to her cellular telephone number.

14.     Plaintiff ascertained the multiple telephone calls were from Defendant by viewing the telephone number on the caller identification on Plaintiff's cellular telephone.

15.     The caller identification on Plaintiff's cellular telephone identified that the multiple telephone calls had originated from Defendant.

16.     The caller identification for the aforesaid telephone calls was 971-256-5661.

17.     Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be harassing.

18.     Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be abusive.

19.     Plaintiff was upset, frustrated and inconvenienced at Defendant's conduct, as delineated above, by it initiating multiple telephone calls to Plaintiff's cellular telephone number.

20.     Plaintiff has been substantially damaged by Defendant's telephone calls; her privacy was improperly invaded, she was charged for the telephone calls, and she was annoyed and frustrated by said calls.

21.     Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number in an attempt to offer Plaintiff certain legal services.

22.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, DEBRA VEHLEWALD, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a.     All actual compensatory damages suffered;

      b.     Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

      c.     Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

      d.     Plaintiff's attorneys' fees and costs; and,

      e.     Any other relief deemed appropriate by this Honorable Court.

## V.   CLASS ALLEGATIONS

### COUNT II:
### DEBRA VEHLEWALD, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, V. CLAIM ASSISTANCE GROUP, LLC.

23.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

24.    Plaintiff brings this claim on behalf of a class, consisting of:

All persons who, on or after June 2009, Defendant called to a cellular phone number using predictive dialing equipment and/or a prerecorded or artificial voice where Defendant did not obtain the phone number called from the called party, with respect to the services offered by Defendant (for example, where the number was obtained through skip tracing or captured by the Defendant's equipment from an inbound call, or Defendant was calling a wrong number).

25.    The class is so numerous that joinder of all members is impractical.  Upon information and belief Plaintiff alleges that there are more than forty (40) members of the class.

26.    There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

a.      Whether Defendant used an automatic telephone dialing system as is defined by the TCPA and applicable FCC regulations and orders to place the calls at issue;

b.      Whether Defendant used an "artificial or prerecorded voice" as used is defined by the TCPA and applicable FCC regulations and orders, during calls to cellular telephones; and,

c.      Damages, including whether the violations were negligent, willful or knowing.

25.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

26.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims is small because it is not economically feasible to bring individual actions.

27.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

28.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

29.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely

create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

30.     As a result of Defendant's conduct, Plaintiff and the class have been substantially damaged by Defendant's telephone calls; their privacy was improperly invaded, they were charged for the telephone calls, and they were annoyed and frustrated by said telephone calls.

WHEREFORE, Plaintiff, DEBRA VEHLEWALD, On behalf of herself and all others similarly situated, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.     Awarding Plaintiff, and all those similarly situated, all actual compensatory damages suffered;

    b.     Awarding Plaintiff, and all those similarly situated, statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c.     Awarding Plaintiff, and all those similarly situated, statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

    d.     Awarding Plaintiff, and all those similarly situated, Plaintiff's attorneys' fees and costs; and,

    e.     Awarding Plaintiff, and all those similarly situated, any other relief deemed appropriate by this Honorable Court.

## VI.     JURY DEMAND

30.     Plaintiff hereby demands a trial by jury on all issues so triable.

31.     The Plaintiff, DEBRA VEHLEWALD, on behalf of herself and all others similarly situated, by and through her attorneys, SMITHMARCO, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

Respectfully submitted,

**DEBRA VEHLEWALD, On behalf of herself and all others similarly situated.**

Dated: August 8, 2013

By: ___ s/ Mandy M. Shell

Mandy M. Shell, KS Bar # 23410

PO Box 413677

Kansas City, MO  64141

Telephone:  (913) 871-4170

Facsimile:   (888) 418-1277

E-Mail:        mshell@smithmarco.com

ATTORNEY FOR PLAINTIFF