**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DEBRA VEHLEWALD,<br>On behalf of herself and all others<br>similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>CLAIM ASSISTANCE GROUP, LLC.,<br><br>        Defendant. | Case No. 13-CV-2395 JAR/JPO |

## ANSWER

Defendant Claim Assistance Group, LLC ("CAG") hereby answers the Complaint, dated August 8, 2013 (the "Complaint"), of Plaintiff Debra Vehlewald, on behalf of herself and all others similarly situated (collectively, "Vehlewald"), in the above-captioned case and, without prejudice to its right to file an amended answer and/or counterclaims after additional discovery or investigation, admits, denies and/or avers as follows:

## FIRST DEFENSE

CAG responds as follows to the allegations contained in the numbered paragraphs of the Complaint:

### I.    PRELIMINARY STATEMENT

1.    Denies each and every allegation, except admits that this purports to be such an action under the Telephone Consumer Protection Act (the "TCPA").

II.       JURISDICTION & VENUE

2.       Admits.

3.       Denies each and every allegation on the ground that CAG lacks knowledge or information sufficient to form a belief about the truth of these allegations (hereinafter, "Denies for lack of information").

III.       PARTIES

4.       Denies for lack of information.

5.       Denies each and every allegation, except admits that CAG is a limited liability company.

6.       Denies for lack of information.

IV.       GENERAL ALLEGATIONS

COUNT I:
DEBRA VEHLEWALD, INDIVIDUALLY V. CLAIM ASSISTANCE GROUP, LLC.

7.       Denies for lack of information.

8.       Denies for lack of information.

9.       Denies for lack of information.

10.       Denies for lack of information.

11.       Denies for lack of information.

12.       Denies for lack of information.

13.       Denies.

14.       Denies for lack of information.

15.       Denies for lack of information.

2

16.     Denies for lack of information.

17.     Denies.

18.     Denies.

19.     Denies for lack of information.

20.     Denies.

21.     Denies.

22.     Denies.

V.      CLASS ALLEGATIONS

COUNT II:
DEBRA VEHLEWALD, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, V.
CLAIM ASSISTANCE GROUP, LLC.

23.     CAG re-alleges and incorporates by this reference its responses to each of the

preceding paragraphs in the Complaint as though fully set forth herein.

24.     Denies for lack of information.

25.     Denies.

26.     Denies.

27.     (This paragraph was mis-numbered in the Complaint as paragraph "25.")  Denies

the first sentence of this paragraph, and denies the other sentences for lack of information.

28.     (This paragraph was mis-numbered in the Complaint as paragraph "26.")  Denies.

29.     (This paragraph was mis-numbered in the Complaint as paragraph "27.")  Denies.

30.     (This paragraph was mis-numbered in the Complaint as paragraph "28.")  Denies.

31.     (This paragraph was mis-numbered in the Complaint as paragraph "29.")  Denies.

32.     (This paragraph was mis-numbered in the Complaint as paragraph "30.")  Denies.

3

VI.   <span style="font-variant: small-caps;">JURY DEMAND</span>

33.     (This paragraph was also mis-numbered in the Complaint as paragraph "30.") Denies each and every allegation, except admits that Vehlewald purports to demand a jury trial.

34.     (This paragraph was mis-numbered in the Complaint as paragraph "31.")  Denies each and every allegation, except admits that Vehlewald purports to request that the trial occur in Kansas City.

## SECOND DEFENSE

CAG denies generally and specifically each and every allegation contained in the Complaint which CAG does not specifically herein admit.  CAG denies that Vehlewald is entitled to any of the relief prayed for in the Complaint.

## THIRD DEFENSE

The Complaint, and each cause of action contained therein, fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

Vehlewald's claims are barred, in whole or in part, by her/their failure to properly or adequately mitigate claimed damages, if any.

## FIFTH DEFENSE

Vehlewald's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

## SIXTH DEFENSE

Vehlewald's claims are barred by license, assumption of risk, and unclean hands.

4850-0478-7989 v. 1
DB04/1004076.0002/9566935.1

## SEVENTH DEFENSE

Vehlewald's claims may be barred, in whole or in part, by the applicable statute(s) of limitations, including without limitation by 28 U.S.C. § 1658(a).

## EIGHTH DEFENSE

Vehlewald's claims were caused in whole or in part, or otherwise attributable to, independent intervening causes and/or persons or entities other than CAG.

## NINTH DEFENSE

To the extent that Vehlewald has suffered any compensable damages, as alleged in the Complaint (which CAG denies), any such damages were caused not by CAG, but by the acts, omissions, knowledge and negligence of Vehlewald or other persons acting on Vehlewald's behalf, and/or by third parties.

## TENTH DEFENSE

No act or omission of CAG was the cause of Vehlewald's alleged damages, if any.

## ELEVENTH DEFENSE

Vehlewald's claims are barred because CAG is not the real party in interest.

## TWELFTH DEFENSE

Vehlewald's claims fail due to the failure to join an indispensable party or parties.

## THIRTEENTH DEFENSE

Vehlewald's claims fail because of her/their prior general consent and prior express consent to the alleged telephone calls, alleged actions, and alleged omissions at issue.

4850-0478-7989 v. 1
DB04/1004076.0002/9566935.1

**FOURTEENTH DEFENSE**

The requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure are not met in this case.

**FIFTEENTH DEFENSE**

Vehlewald is not entitled to maintain this action as a class action because the Complaint fails to set forth any allegations supporting a putative class or allege any facts that Vehlewald is a member of any class.

**SIXTEENTH DEFENSE**

Vehlewald is not entitled to maintain this action as a class action because the description of the putative class is not adequately defined or clearly ascertainable based on or by reference to objective criteria.

**SEVENTEENTH DEFENSE**

Vehlewald is not entitled to maintain this action as a class action because the description of the putative class is not sufficiently definite or identifiable to make it administratively feasible to determine or identify whether a particular individual is a member.

**EIGHTEENTH DEFENSE**

The class as defined in the Complaint is overly broad, unmanageable, and predominated by individualized fact issues and individual questions of law, the result of which should be to deny certification of any proposed class.

**NINETEENTH DEFENSE**

Vehlewald is not entitled to maintain this action as a class action because her individual claims and defenses are not typical of the claims and defenses of the putative class.

4850-0478-7989 v. 1
DB04/1004076.0002/9566935.1

## TWENTIETH DEFENSE

Vehlewald is not entitled to maintain this action as a class action because questions of law and/or fact affecting only individual members of the putative class predominate over any questions of law and/or fact that may be common to members of the putative class.

## TWENTY-FIRST DEFENSE

Vehlewald is not entitled to maintain this action as a class action because Vehlewald as an individual and/or her counsel will not fairly and adequately protect the interests of the putative class.

## TWENTY-SECOND DEFENSE

No alleged act or omission of CAG was done willfully or knowingly, and therefore any increased or enhanced award of statutory damages (whether via 47 U.S.C. §227(b)(3)(C) or otherwise) is barred.

## TWENTY-THIRD DEFENSE

CAG reserves the right to assert additional defenses of which it may become aware during this litigation.

WHEREFORE, CAG prays as follows:

1.      that the Complaint be dismissed with prejudice on the merits;

2.      that CAG be awarded judgment against Vehlewald in the amount of all attorneys' fees and costs incurred by CAG herein; and

3.      that the Court grant such other and further relief to CAG as the Court deems proper.

4850-0478-7989 v. 1
DB04/1004076.0002/9566935.1

Respectfully submitted this 25th day of September, 2013.

**STINSON MORRISON HECKER LLP**

By: ___/s/ Mark M. Iba_____
       Mark M. Iba        KS #17003
       William Vandivort    KS #25881
       1201 Walnut Street, Suite 2900
       Kansas City, MO 64106
       miba@stinson.com
       wvandivort@stinson.com

       AND

       Jonathan O. Hafen, *pro hac vice* forthcoming
       Bentley J. Tolk, . *pro hac vice* forthcoming
       PARR BROWN GEE & LOVELESS
       185 South State St., Suite 800
       Salt Lake City, UT 84111
       jhafen@parrbrown.com
       btolk@parrbrown.com

       Attorneys for Defendant
       Claim Assistance Group, LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of September, 2013, I electronically filed the

foregoing Answer with the clerk of the court using the CM/ECF system, which will send a notice

of electronic filing to the following counsel of record:

       David M. Marco, dmarco@smithmarco.com
       Mandy M. Shell, mshell@smithmarco.com

               /s/  Mark M. Iba_____
               Attorney